## FAIRBANKS, MORSE & CO. v. HIGHLAND GLADES DRAINAGE DIST.

### No. 805.

District Court, S. D. Florida.
July 28, 1930.

M. H. Long, of Jacksonville, Fla., and C. L. Brown, of Miami, Fla., for plaintiff.

M. D. Carmichael, of West Palm Beach, Fla., for defendant.

RITTER, District Judge.

The plaintiff in this case filed an action in replevin in the circuit court of Palm Beach county, Fla., against the defendant for certain machinery stated in the foregoing order. This machinery was sold to the defendant under a retention title contract, under which the defendant paid `$30,000, but has paid nothing more.

The defense set up is that of ultra vires and the statute of limitations. It is asserted that the drainage district did not have the power to enter into the contract for the purchase of the machinery in question. Under the general powers delegated to the district, which I have examined, I find that the drainage district directly and inferentially had power to do whatever was necessary to carry out the purposes of the act in draining the district. The very name "drainage district" indicates that certain lands were to be drained, and it is common knowledge that you cannot drain lands without some system of pumping. The amended plan of reclamation which was attempted to be adopted refers specifically to a pumping system. The district entered into the contract, received the property in question, executed promissory notes for payment under the terms of the purchase contract, and has paid actually the sum of $30,000, and has held the property since the 5th or 6th day of July, 1925, under the terms of the contract, and it did not repudiate the contract or assert any adverse claim to the property until November 10, 1927, when demand for the return of the property was made upon the defendant by the plaintiff.

The doctrine of ultra vires does not apply in this case in favor of the defendant. This doctrine has, through the progress of the law, gradually been reduced in its harshness, and the courts go a long way to relieve one contracting with a corporation from its application where justice requires.

In Ohio & M. R. Co. v. McCarthy, 96 U. S. 258, 267, 24 L. Ed. 693, the Supreme Court says: "When a contract is not on its face necessarily beyond the scope of the power of the corporation by which it was made, it will, in the absence of proof to the contrary, be presumed to be valid. Corporations are presumed to contract within their powers. The doctrine of ultra vires, when invoked for or against a corporation, should not be allowed to prevail where it would defeat the ends of justice or work a legal wrong." In that spirit we must decide this case.

In the case of Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271, 272, 13 L. R. A. (N. S.) 793, 120 Am. St. Rep. 621, is a discussion of the doctrine, in the course of which the learned judge says: "The doctrine of ultra vires is of very modern date and entirely the creation of the courts. * * * It affords, perhaps, the most remarkable instance in the history of English jurisprudence of the making of law by the judges; and, having once been created, it is now probably saddled onto the backs of the courts, like Sinbad's 'Old Man of the Sea,' not to be shaken off."

This case discusses in a very interesting way the modern trend against the application of this doctrine, and distinguishes the two classes of cases to which it applies. The one class is where the matter is wholly outside the charter powers of a municipal corporation. The second class is where it is within the powers, but some irregular proceedings have been had in reference thereto. In the first class of cases, the doctrine is strictly applied, but in the second class of cases it is applied only where the ends of justice require to protect the municipality where necessary, as well as the claimant when necessary. The case before us is of the second class.

I therefore hold that ultra vires cannot be set up as a defense in this case.

In the matter of the statute of limitations of six months fixed in the Drainage Act, I do not think it is applicable here, because demand was made for the return of the property November 10, 1927, and this suit was in-

stituted within six months thereafter. The cause of action did not accrue until demand was made, at which time the question of adverse possession first arises. At all times from the date of the contract and the delivery of the property to the defendant the title was held by the plaintiff with the full knowledge and consent of the defendant, with the right to retake the property at any time when payments were in default under the contract. The plaintiff was not required to assert its rights and take its property until it saw fit to do so or until by refusal of the defendant to deliver the property to it upon demand the inability to secure the same arose and laid the ground for dispossessory action. The defendant was a bailee under the circumstances.

The authorities presented in the briefs filed on behalf of the plaintiff abundantly sustain the proposition that demand is necessary in a replevin suit, and that date of demand is the date upon which the rights of the plaintiff are put in jeopardy under the statute of limitations. Therefore neither the general statute of limitations or the special statute pleaded by the defendant apply in this case.